```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT BECKLEY
```

UNITED STATES OF AMERICA

v.                                      CRIMINAL NO. 5:17-00113

VELARIAN CARTER,
DETRIA CARTER,
RASHAUN CARTER,
CHARLES HILL,
JAMES RODNEY STAPLES,
KARL FUNDERBURK,
LETINA CARTER,
ESAU BURNETTE,
DERRICK STAPLES,
DOMINIC COPNEY,
COREY LARKIN,
GEORGE BROCKMAN,
SHAUN JONES,
SHAUN GIVINS,
JONATHAN BROCKMAN,
JONATHAN VINCENT MOORE,
SHANN AKIEM ANDERSON, and
SHAUN COLEMAN

## MEMORANDUM OPINION AND ORDER

Pending before the court are various motions to continue the deadline for the filing of pretrial motions, the pretrial motions hearing, and/or the trial of this matter filed by defendants Karl Funderburk, Shaun Givins, and Velarian Carter. (ECF Nos. 240, 254, and 271). The United States has filed its own motion to continue. (ECF No. 260).[1] In their memoranda, the parties cite a host of reasons for their requests for a continuance, some of which include: 1) defense counsel's need for additional time to investigate and prepare for trial based on the voluminous nature

---

[1] The government also asks the court for relief from the order imposing a deadline for the filing of any superseding indictments. That motion is **GRANTED** and the orders imposing such a deadline are hereby **VACATED**.

of the discovery involved; 2) defense counsel's need to go over relevant portions of discovery with their clients; and 3) defense counsel's scheduling conflicts.

The indictment in this case charges the eighteen defendants with conspiracy to commit offenses in violation of 21 U.S.C. § 841(a)(1) (possession with intent to distribute and/or distribution of cocaine, cocaine base, and heroin). The indictment consists of eight counts, not all of which apply to every defendant. Counsel for defendant Velarian Carter has represented to the court that the discovery in this case is "voluminous" and will take more than the usual amount of time to review. Furthermore, counsel anticipates that discovery will be supplemented in the future. For all these reasons, counsel indicates that he will be unable to prepare pretrial motions by the time they are currently due because he will be able to do so only after he has had an opportunity to review the government's discovery.

Because failure to grant the requested continuance would likely result in a miscarriage of justice, the court finds that the ends of justice outweigh the best interest of the defendants and the public in a speedy trial, see 18 U.S.C. § 3161(h)(7)(A), and **GRANTS** the defendants' and the government's various motions for continuance. In deciding to grant the motions for continuance, the court considered the factors outlined in 18 U.S.C. §3161(h)(7)(B) and found that the number of defendants, as well as the nature of the prosecution, make it unreasonable to

expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act.  The court further finds that failure to grant a continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    Accordingly, the court hereby **ORDERS** as follows:

1. Trial of this action is continued until October 10, 2017, at 9:30 a.m., in Beckley;
2. All pretrial motions are to be filed by September 19, 2017;
3. A pretrial motions hearing before the undersigned is scheduled for September 26, 2017, at 2:00 p.m., in Charleston;
4. Pursuant to 18 U.S.C. § 3161(h)(7)(A), the time from the filing of defendant Carter's motion until the trial is excludable for purposes of the Speedy Trial Act.[2]

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, to the United States

---

[2] The court notes that, for purposes of determining compliance with the Speedy Trial Act, "in cases involving multiple defendants only one speedy trial clock, beginning on the date of the commencement of the speedy trial clock of the most recently added defendant, need be calculated under 18 U.S.C. § 3161(h)(7)." United States v. Piteo, 726 F.2d 50, 52 (2d Cir. 1983); see also United States v. Walker, Nos. 95-5914, 96-4247, 96-4110, 1997 WL 358770, *3 ((4th Cir. June 30, 1997) (quoting Piteo).

Marshal for the Southern District of West Virginia, and to the Probation Office of this court.

IT IS SO ORDERED this 20th day of July, 2017.

ENTER:

*David A. Faber*

David A. Faber
Senior United States District Judge