IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**UNITED STATES OF AMERICA**

**v.**                                      CRIMINAL NO. 5:17-00113-02

**DETRIA CARTER**

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant's pro se motion requesting the "appointment of counsel post-conviction." ECF No. 665. The Sixth Amendment right to counsel "attaches after judicial proceedings have been initiated" against a defendant "but once the direct appeal has been decided, the Sixth Amendment right to counsel comes to an end." United States v. Williamson, 706 F.3d 405, 416 (4th Cir. 2013); see also Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."). Therefore, "a petitioner has no Sixth Amendment right to counsel in order to mount a collateral challenge to his conviction." Williamson, 706 F.3d at 416. The docket sheet reflects that counsel was appointed to represent defendant during the underlying criminal proceeding and on direct appeal. Accordingly, Carter's motion for appointment of habeas counsel is **DENIED**.

As for her request that counsel be appointed to determine whether she qualifies for relief under the First Step Act, her motion is also **DENIED**. Defendant, who was sentenced for

possession with intent to distribute 500 grams or more of cocaine in 2017, was not convicted of a "covered offense" committed before August 3, 2010, as her offense conduct occurred after August 3, 2010 and did not involve crack cocaine. Therefore, she is ineligible for relief under the Act. See United States v. Dunnigan, 2019 WL 4254028, *2 (W.D.N.Y. Sept. 9, 2019) (denying relief under the First Step Act where "the offenses of which Defendant was convicted occurred beginning in 2013 and continuing through 2016–in other words, after August 3, 2010. . . . Moreover, they were not crack cocaine offenses. Accordingly, Defendant's offenses are not 'covered offenses' as defined in § 404 of the First Step Act.").

The Clerk is directed to forward a copy of this Order to Ms. Carter, counsel of record, and the Probation Department of this court.

It is **SO ORDERED** this 7th day of February, 2020.

ENTER:

David A. Faber
Senior United States District Judge