```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BECKLEY
```

UNITED STATES OF AMERICA

v.                              CRIMINAL ACTION NO. 5:17-00113-002

DETRIA CARTER

## MEMORANDUM OPINION AND ORDER

Pending before the court are defendant's motion for compassionate release, (ECF No. 674), and her motion requesting disposition on her motion for compassionate release.  (ECF No. 677.)  Defendant requests compassionate release in light of the COVID-19 pandemic.  For the following reasons, the court **DENIES** defendant's motion for compassionate release and **DENIES as moot** her motion requesting disposition.

**I.   Background**

Defendant is 35 years old.  She states that she suffers from sarcoidosis, which is a systemic inflammatory disease that particularly affects the lungs.  See *Sarcoidosis*, Mayo Clinic (accessed Aug. 12, 2020), https://www.mayoclinic.org/diseases-conditions/sarcoidosis/symptoms-causes/syc-20350358.  The most serious development of sarcoidosis is pulmonary fibrosis, which consists of damaged and scarred lung tissue, and occurs in about 20% of sarcoidosis cases and can be fatal.  See Karen C. Patterson and Mary E. Strek, *Pulmonary Fibrosis in Sarcoidosis.*

*Clinical Features and Outcomes*, 10 ANNALS AM. THORACIC SOC. 362 (2013).

On December 18, 2017, defendant pled guilty to possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. 841(a)(1). (ECF No. 439.) This court sentenced defendant on July 7, 2018, to 151 months of incarceration, and defendant was ordered to surrender for service of sentence by August 1, 2018. (ECF No. 549.) As of August 2020, defendant has served under 25% of her sentence.

Defendant is currently incarcerated at FPC Alderson in Alderson, West Virginia. As of August 11, 2020, the Bureau of Prisons ("BOP") website lists FPC Alderson as having no current COVID-19 cases. See *COVID-19 Cases*, Federal Bureau of Prisons (updated August 11, 2020), https://www.bop.gov/coronavirus/.

On April 9, 2020 and May 2, 2020, defendant petitioned the Warden at FPC Alderson for compassionate release due to COVID-19. (ECF No. 674.) Defendant states that the Warden denied her request. (ECF No. 677.) Defendant has not stated whether she exhausted the administrative remedies process following the Warden's denial of her request.

**II. Analysis**

    **a. Exhaustion**

The First Step Act empowers criminal defendants to request that courts grant them compassionate release pursuant to 18

2

U.S.C § 3582(c).  But before they make such requests to the court, defendants must first ask the BOP via the administrative process and give the BOP thirty days to respond.  See id. § 3582(c)(1)(A).  Upon such a motion from the BOP or from a defendant (after either the BOP denies the request or thirty days has elapsed since the request was filed), a court "may reduce the term of imprisonment."  Id. § 3582(c)(1)(A)(i).

Here, the BOP denied defendant's request, but defendant has not shown that she has fully exhausted all administrative remedies to appeal the denial of her request.  Thirty days have passed since defendant filed her request to the Warden.  In situations where the Warden has denied a request within 30 days, some courts have required full exhaustion of the administrative remedy process before considering a motion for compassionate release under 18 U.S.C. § 3582.  See, e.g., United States v. Soliz, 2020 WL 2487563, at *2 (W.D. Va. May 14, 2020) ("[W]hen a warden denies an inmate's request within 30 days, the inmate needs 'to exhaust his administrative remedies to appeal the warden's denial before filing.'") (quoting United States v. Brummett, 2020 WL 1492763, at *1 (E.D. Ky. Mar. 27, 2020), and citing other district court cases).

However, the majority of district courts, as well as the only Circuit Courts of Appeals that have considered this issue at this point, have ruled that prisoners who seek compassionate

3

release under Section 3582 are not required to fully exhaust all administrative remedies available to them, so long as 30 days have passed from the Warden's receipt of the request.  See, e.g., United States v. Alam, 960 F.3d 831, 834-36 (6th Cir. 2020) ("Prisoners who seek compassionate release have the option to take their claim to federal court within 30 days, no matter the appeals available to them. . . . [P]risoners can pursue administrative review.  If that also comes up short (or if 30 days pass), prisoners have the option to go to federal court."); United States v. Harris, 812 F. App'x 106, 107 (3d Cir. 2020); United States v. Carter, 2020 WL 3458598, at *2-4 (S.D.W. Va. June 25, 2020) (Goodwin, J.) (explaining that the text of Section 3582 and the purpose of compassionate release allows prisoners to petition the court for compassionate release).

This court agrees with the majority view.  If 30 days have passed since the Warden has received a request, inmates are not required to fully exhaust administrative remedies before petitioning a court for compassionate release.  This is true whether the Warden has denied the request or has simply not responded to it within the 30-day window.

Section 3582 requires "exhaustion of all administrative rights . . . or the lapse of 30 days from the warden's receipt of the inmate's request for compassionate release, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A) (emphasis added).  Unlike

4

many other statutory exhaustion provisions that require exhaustion of all administrative remedies before a claim can be brought in court, "Section 3582 provides an alternative." United States v. Wright, 2020 WL 1922371, at *2 (S.D.N.Y. Apr. 20, 2020); see also United States v. Underwood, 2020 WL 1820092, at *2 (D. Md. Apr. 10, 2020). "This alternative suggests that the Congress recognized that even if compassionate release requests cannot always await the full administrative process to be completed, the BOP should have at least 30 days to act on such a request." Id.; see also Carter, 2020 WL 3458598, at *2 ("[T]he 'lapse of 30 days' provision has nothing to do with whether the warden grants or denies the inmate's request for compassionate release, but simply sets the amount of days an inmate has to wait before petitioning the court"); United States v. Haney, __ F. Supp. 3d __, 2020 WL 1821988, at *3 (S.D.N.Y. Apr. 13, 2020) ("Importantly, § 3582(c)(1)(A) does not contain an exhaustion requirement in the traditional sense.").

Therefore, having found that defendant satisfies the statute's requirement that 30 days have lapsed since the Warden's receipt of her request, this court will now consider whether defendant has demonstrated that she meets the factors meriting compassionate release.

### b. Extraordinary and Compelling Reasons

Congress has restricted the power of courts to modify a term of imprisonment once it has been imposed except when "extraordinary and compelling reasons warrant such a reduction" and when "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Thus, to warrant compassionate release, defendant must show that: (1) extraordinary and compelling reasons warrant a sentence reduction; (2) she is not a danger to the safety of others or the community; and (3) the reduction satisfies the sentencing factors in 18 U.S.C. § 3553(a). See id.; see also USSG §§1B1.13(1)(A),(2). All three factors must be present.

Other district courts, in considering whether extraordinary and compelling reasons for a sentence reduction exist in light of COVID-19, have considered the age of the prisoner, the severity and documented history of the defendant's health conditions, and the proliferation and status of infections in the prison facility. United States v. Brady, 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020) (citing and gathering cases). Thus, compassionate release motions amid the COVID-19 pandemic require a "fact-intensive" inquiry. See United States v. Shakur, 2020 WL 1911224, at *1 (S.D.N.Y. Apr. 20, 2020).

Defendant is 35 years old, and thus her age does not place her at risk for serious complications from COVID-19. She does suffer from sarcoidosis, however. It is unclear to the court whether defendant also actually has pulmonary fibrosis, or whether it is merely a possible future consequence of her sarcoidosis. According to the CDC, persons with pulmonary fibrosis "might be at an increased risk for severe illness from COVID-19." See *Coronavirus Disease 2019 (COVID-19), People with Certain Medical Conditions*, Ctrs. For Disease Control & Prevention (updated July 30, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. Regardless of whether defendant actually has pulmonary fibrosis, the court will assume at this stage that defendant – due to her sarcoidosis and risk of pulmonary fibrosis - is at a higher risk of health problems resulting from COVID-19.

While defendant may have an increased risk of severe illness from COVID-19, defendant is not currently at risk of contracting COVID-19 at her place of incarceration because there are no active COVID-19 cases at FPC Alderson. This lack of cases at her place of incarceration is a bar against compassionate release: defendant would have to first contract COVID-19 for her increased risk of serious illness resulting from COVID-19 to come into play as an extraordinary and

7

compelling reason. See, e.g., United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release"); United States v. Feiling, 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020) (declining to find extraordinary and compelling circumstances where defendant, though having significant health problems, was incarcerated at a facility that had zero confirmed COVID-19 cases).

Defendant cannot show a particularized risk of contracting COVID-19, and the court therefore finds there are not "extraordinary and compelling reasons" present, within the meaning of 18 U.S.C. § 3582(c)(1)(A), to support a reduced sentence or early release.

### c. 18 U.S.C. § 3553(a) Sentencing Factors

In any event, the sentencing factors under 18 U.S.C. § 3553(a) also do not weigh in favor of reducing defendant's sentence. These factors include (i) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (ii) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to adequately deter criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant

8

with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; (iv) the sentencing guidelines; and (v) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

Defendant's crimes were indisputably serious: she pled guilty to possession with intent to distribute 500 grams or more of cocaine. (See ECF No. 549.) And, at this point, defendant has served less than 25% of her sentence. See, e.g., United States v. Colonna, 2020 WL 2839172, at *4 (S.D. Fla. June 1, 2020) (holding that a modification of defendant's sentence is unwarranted in part because defendant had served less than 25% of the sentence); United States v. Linder, 2020 WL 2793089, at *4 (W.D. Pa. May 29, 2020) (same); United States v. Singui, 2020 WL 2523114, at *5 (C.D. Cal. May 18, 2020) (same). Therefore, granting defendant's motion for compassionate release would be inconsistent with the sentencing factors set forth in § 3553(a).

### III. Conclusion

Given the absence of COVID-19 at FPC Alderson, the seriousness of defendant's offense, and the fact that she has served under 25% of her sentence, the court concludes that release under 18 U.S.C. § 3582(c)(1)(A) is not warranted.

9

Defendant's motion for compassionate release, (ECF No. 674), is **DENIED,** and her motion requesting disposition, (ECF No. 677), is **DENIED as moot.**

The Clerk is directed to send a copy of this Order to counsel of record, any unrepresented parties, the Warden at FPC Alderson in Alderson, West Virginia, and the Probation Office of this court.

It is SO ORDERED this 12th day of August, 2020.

    ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge